ANSTEAD, Judge,
dissenting.
There was only one minority member on the panel of prospective jurors and he was stricken from the panel by the state. Under the law, there must be record factual support for the alleged race neutral reasons given by the state for its challenge of a minority juror. Williams v. State, 574 So.2d 136 (Fla.1991). There is a complete absence of evidence in the record that the sole minority juror had a speech impediment, was unable to communicate, or was otherwise distinguishable in this respect *828 from any of the other prospective jurors. Because of this I cannot agree this ground for challenge “was obviously supported by the court's own observation of the juror’s speech,” as concluded by the majority. In fact, all of the evidence is to the contrary, since the transcript of the trial reflects the minority prospective juror had no difficulty in communicating during the jury selection process.
To its credit, the state has candidly stipulated in its appellate brief to the absence of record support for the challenge. Instead, the state asserts: “Although it is common knowledge that speech impediments exist in varying degrees, the written record is silent as to the severity of the handicap which existed in the case at bar.” The state also contends: “Obviously, things like speech impediments cannot appear in a written record.” The state goes on to contend, mistakenly I believe, that “there is nothing in the record to support the conclusion that the trial judge abused his discretion,” and, accordingly, we should affirm. This proposition ignores the proper allocation of burdens under Williams and other supreme court holdings on the issue.
In addition to the lack of record support of a speech impediment, the trial judge considered and rejected a challenge for cause based on the state’s assertion that this prospective juror had a speech impediment. We are left with a record that reflects only the state’s assertion. Under the controlling law, that is not enough.